RICHARD C. DALE

*vs.*

ROWLAND SMITH AND JOSEPH TERRAPIN.

*New Castle, Aug. T.* 1815.

A petition for the re-hearing of a cause, upon the ground of newly discovered evidence, not granted—the Chancellor considering that the evidence, if before him, could not vary the decree to be made in the cause, as it originally stood.

PETITION FOR A RE-HEARING.—This is the same cause next before reported. After it had been argued, and the opinion of the Chancellor announced, directing a decree for a dismissal of the bill, but before such decree was entered, to wit, at the August T. 1815, the complainant preferred his petition, under oath, for a re-hearing. The ground of the application was the discovery of new and material evidence, since the hearing.

The original cause arose out of a written contract, for the sale by the complainant to the defendants of a tract of land for the price of $7000.00. The land was described in

the contract as " containing *by deed* 200 acres, be the same more or less." After the execution of the contract, upon a survey of the land according to the description contained in the deed referred to, the tract was found to contain three hundred and fourteen acres, being an excess of one hundred and fourteen acres above the number specified in the contract. The main issue in the cause was, whether the complainant, who was the vendor, was bound by his contract to convey, at the price stipulated, the whole tract of three hundred and fourteen acres, or only the number of acres called for by the contract. The defendants having entered into possession of the whole tract before a conveyance, and having cut off part of the wood, the bill was filed by the complainant to restrain further waste, and to compel the defendants to pay the purchase money and accept a conveyance of two hundred acres in performance of the contract on the part of the complainant. Upon a hearing on the bill, answers and depositions, the Chancellor considered that the defendants were entitled to a conveyance of the whole tract, and directed a dismissal of the bill.

The petition for a re-hearing set forth that " the petitioner believes and expects that he will be enabled, by the oaths of Thomas Gordon, (a witness heretofore examined in the cause,) and Isaac Dunning, to lay before the Chancellor the following new and material evidence, discovered by him since the cause was decided, to wit : that the said Joseph Terrapin, in the latter end of October 1812, shortly after he took possession of the land in the bill mentioned, stated that *he the said Joseph Terrapin had promised, and considered himself bound, to pay to complainant* $35 *per acre, for every acre the tract he purchased should, on actual survey, exceed* 215½ *acres, and that Terrapin entreated Gordon not to disclose, on his examination, this declaration of his promise to pay* $35 *per acre for the excess over* 215½ *acres.*"

RIDGELY, CHANCELLOR.—In the examination of David F.

Gordon, in this cause, that witness stated, in substance, what I have heretofore noticed, and which amounts nearly to the evidence which, it is now believed by the complainant, could be obtained from Thomas Gordon and Isaac Dunning, upon a re-examination of the former and upon taking the deposition of the latter.

In the consideration of the case, it seems to me that my observations upon the testimony of David F. Gordon apply to the supposed testimony of Thomas Gordon and Isaac Dunning. The whole would be parol evidence of a supposed contract made before the article of agreement of the 26th Sept. 1812 : and, if that evidence were before me, I should think myself bound by the rules of law to reject it, or rather not to give any effect to it ; because it would vary a subsequent written contract made without any fraud on the part of the defendants.

The decree must be entered, as heretofore directed, dismissing the bill.